IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BARBARA J. STENGER,<br>       Plaintiff, | :<br>:<br>: Civil Action No. 02-4158 |
| v. | :<br>: |
| ACTION DUPLICATION, INC.,<br>       Defendant. | :<br>: |

## ANSWER AND AFFIRMATIVE DEFENSES

**AND NOW,** comes Defendant Action Duplication, Inc. and files its Answer to the Complaint in this matter filed by Plaintiff Barbara J. Stenger. Defendant answers the specific allegations of the Complaint as follows:

1. Admitted.

2. Admitted.

3. Denied as stated; it is admitted that the Complaint purports to raise claims arising under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), as well as the Pennsylvania Human Relations Act ("PHRA").

4. Admitted.

5. Denied as stated. It is admitted that the court has jurisdiction over Plaintiff's claim arising under Title VII. It is denied that "[d]amages in the within case are in excess of the federal jurisdictional limit[,]" inasmuch as there is no such limit.

6. Denied as stated. It is denied that all of the "actions upon which Plaintiff's cause of action are based" took place in West Conshohocken. It is admitted that venue is proper in this Court.

128074 v2

7.Admitted.

8.Admitted in part and denied in part. It is denied that Plaintiff was hired a controller; it is admitted that a business card was later prepared for her with a title as "accounting manager."

9.Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment in this paragraph.

10.Denied as stated. It is admitted that Plaintiff advised Defendant that she was pregnant sometime during 2000; Defendant is without knowledge or information sufficient to form a belief as to whether so advised Defendant on May 21, 2000. It is admitted that Plaintiff informed Defendant that she wished to return to employment after returning from maternity leave. It is specifically denied that Defendant, or any of its agents, "assured or made any guarantees" to the Plaintiff as pled that she would be reinstated after her maternity leave "to the same position as accounting manager" or that she would "work the same hours, that is from six o'clock a.m. to two o'clock p.m."

11.Admitted that Plaintiff ceased working on September 25, 2000 and that she provided documentation from a physician.

12.Denied as stated. It is admitted that Plaintiff presented Defendant with a written proposal for a contractual agreement concerning her maternity leave and her conditions of employment upon the conclusion of that leave; that proposal was rejected by Defendant, which granted Plaintiff maternity leave in accordance with the policy set forth in its employee manual.

13.Admitted.

14. Denied as stated. It is admitted that Plaintiff contacted Defendant, both before and after giving birth, with respect to the expiration of her maternity leave and the date she would be expected to return to work, as well as her hours of work and working conditions.

15. It is admitted that Defendant advised Plaintiff in September 2000 that she was expected to return to work on January 8, 2001. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment that "Plaintiff was led to believe that the terms and conditions of her employment, including hours and job title, would remain the same after her return," and thus this allegation is denied.

16. Denied as stated. It is admitted that Plaintiff, in a letter dated January 4, 2001, which was not received by Defendant until January 10, 2001, asserted that she found the January 8th return date unacceptable, and proposed a "tentative" return date of January 29, 2001. It is specifically denied that Defendant ever agreed upon any return date other than January 8, 2001.

17. Denied. Defendant's employee manual is a document which speaks for itself. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments regarding what Plaintiff "believed." The remaining allegations of this paragraph are denied.

18. Admitted.

19. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment that "Exhibit A was at variance with Plaintiff's understanding as to the employee's representations" inasmuch as

Defendant has no knowledge of Plaintiff's "understanding." The remaining allegations refer to a document which speaks for itself and, thus, are denied.

20. Denied as stated. It is denied that Plaintiff wrote to Defendant "on or about January 3, 2001" or that Plaintiff sent to Defendant the correspondence which is attached to the Complaint as Exhibit B. Rather, Plaintiff sent Defendant a letter, dated January 4, 2001, which is substantially similar to the letter reproduced as Exhibit B. Defendant did not receive that correspondence until January 10, 2001. As to the contents of the letter, it speaks for itself.

21. Denied. This allegation refers to a document which speaks for itself.

22. Denied as stated. It is admitted that Plaintiff sent Defendant the correspondence dated January 17, 2001, which is attached to the Complaint as Exhibit D, and speaks for itself.

23. It is denied that Plaintiff received Defendant's correspondence of January 10, 2001 (referred-to in the Complaint as Exhibit C) on January 10, 2001; rather, that correspondence was received by Plaintiff some time thereafter.

24. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph as to whether Plaintiff was prepared. It is specifically denied that there was any foreclosure. See Exhibit A.

25. Denied.

26. It is admitted that Plaintiff's pay, had she chosen to return from maternity leave, would have remained unchanged, and that her work area would not have been in a private office. The remaining allegations are denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Admitted.

32. Admitted.

33. Defendant's responses at paragraphs 1-32 are hereby incorporated by reference.

34. This paragraph contains no factual averments to which responsive pleading is required. To the extent that responsive pleading is deemed necessary, Defendant denies that Plaintiff is entitled to receive any damages or other relief from Defendant.

35. Admitted.

36. Denied.

37. Denied as stated. It is admitted that the Pennsylvania Human Relations Commission issued a determination on April 3, 2002 finding that "the Complaint should be dismissed because the facts of the case do not establish that probable cause exists to credit the allegations of unlawful discrimination."

38. It is denied that "[c]onciliation in this matter has failed" inasmuch as no conciliation ever took place; it is admitted that more than one year has

elapsed since the filing of Plaintiff's Complaint with the Pennsylvania Human Relations Commission.

## AFFIRMATIVE DEFENSES

1. Plaintiff is not entitled to any monetary relief inasmuch as she effectively resigned from employment with Defendant when she willfully failed and refused to work at the conclusion of her maternity leave, and the alleged changes to her working conditions were insufficient to constitute a constructive discharge as a matter of law.

2. Plaintiff has failed to allege facts sufficient to support a claim of pregnancy discrimination as a matter of law.

3. Plaintiff is not entitled to seek punitive damages from Defendant under the Pennsylvania Human Relations Act as a matter of law.

4. Upon the facts alleged, Plaintiff is not entitled to seek punitive damages from Defendant under Title VII.

5. Plaintiff has failed to mitigate her damages or, alternatively, is barred from seeking monetary damages for back pay and front pay due to voluntary removal from the labor market.

6. At all times, Defendant acted reasonably towards Plaintiff and without unlawful discriminatory intent.

7. Plaintiff has failed to state a claim upon which relief can be granted.

**WHEREFORE,** Defendant respectfully requests that judgment be entered in its favor and against Plaintiff, and that Defendant is awarded its costs of defending this action, including attorneys' fees.

                                        Respectfully submitted,

                                        **FLAMM, BOROFF & BACINE, P.C.**


                                        By:_____
                                                STEVEN KAPUSTIN
                                                Attorney I.D. No. 17981
                                                J. BRYAN TUK
                                                Attorney I.D. No. 85718
                                                925 Harvest Drive, Suite 220
                                                Blue Bell, PA  19422

                                                Counsel for Defendant
                                                Action Duplication, Inc.

Dated: September 5, 2002

128074 v1                                    8